WAITE et al. v. TRUSTEES, ETC., OF THE DIOCESAN CONVENTION OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. PLEADING—EVIDENCE—ACTION ON CONTRACT.
    Under an averment of a contract to furnish woodwork and trimmings, and its performance, evidence was competent showing that the parties were misled as to the amount of carving to be done, and that performance in this respect was waived, since it did not raise the question of a new contract, but of what the one was which was made.

2. APPEAL—OBJECTIONS TO EVIDENCE.
    An objection to evidence of a waiver, because not pleaded, cannot be reviewed, where nothing was stated in the objection calculated to call the court's attention to the question.

Appeal from special term, Westchester county.

Bill by Emmett E. Waite and John T. Vermett against the Trustees of the Estate and Property of the Diocesan Convention of New York, D. D. Tallman, and others. There was decree for plaintiffs, and defendant Tallman appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry C. Griffin, for appellant.
J. W. Bartram, for respondents.

HATCH, J. The action is brought to foreclose a mechanic's lien. Upon the trial it appeared that the defendant Tallman contracted to do the carpenter work upon the interior of an addition to St. Mary's Church, Beechwood. The said Tallman, in pursuance of his contract, contracted with the plaintiffs to furnish certain of the carpenter work and trimming. Under and in pursuance of this contract, the plaintiffs furnished doors, frames, paneling, and other material used in the building, in all of the value of about $1,347.47. There does not appear to have been any substantial dispute between the parties as to the value or contract price of the materials furnished by the plaintiffs. It is claimed, however, that the plaintiffs, as a part of their contract, agreed to do certain carving, for which the defendant Tallman has paid, and obligated himself to pay, the sum of $468.76. This sum he asserts should be deducted from the amount which the plaintiffs claim; also that there should be deducted from said claim the further sum of $200 for refitting the work which the plaintiffs delivered, and certain other small sums for cartage, etc. The main item in dispute is the carving. The complaint avers that the defendant Tallman contracted with the plaintiffs to furnish the interior woodwork and trimming for the said building, and further avers the performance of such contract. The defendant Tallman testified upon this subject: "I saw the panelwork after it was completed and in the church, and, aside from the carving, it was all completed according to the plans and specifications. That was done by the plaintiffs in this action." The court was justified, therefore, in finding that the plaintiffs performed their contract, unless the carving formed a part of it. It stands admitted that the defendant Tallman has paid the carving bill, or obligated himself to pay therefor, in the amount which he seeks to counterclaim; and, if it be within the contract, then the plaintiffs are compelled to suffer a deduction to that amount. Upon this subject there is some dispute in the testimony. It is admitted that the plans and specifications show that there was to be the interior carving which was done. It also appears that both Tallman and the plaintiffs understood but little about the carving which was required, and the architect of the building testified: "If they had never seen the carving, and never did any work for us, it would be necessary to ask us what kind of carving was contemplated." It is therefore evident that, while the plans and specifications indicated what carving was to be done, yet, in order to have a fair understanding of its nature and extent, it was necessary that the plans and specifications should be

explained by the architect who made them, or by some person who fully understood their meaning. Upon this subject the plaintiff Waite testified that Tallman brought the plans and specifications to the office, and asked for figures upon the work. He said: "I said to Mr. Tallman, after looking over the details, 'No one can tell how to figure on carving without any shading.' He said to me that this carving will be left to the carver, Mr. Blauvelt, as I have seen him and talked to him about it." And this witness further states that subsequently Tallman came in, asked for a price upon the panelwork, which he gave him at the price charged for in the bill, and he added that he made no estimate for carving upon such work. This was a Gothic panel, and the architect testified that carving was required upon it as shown in the plans and specifications. Vermett testified that nothing was said about carving upon the panelwork, and that the plaintiffs were not to do it. Erickson, a carpenter in the plaintiff's employ, testified that he had a conversation with Tallman, when the plaster of Paris models for the carving came to the factory, and he asked who paid the expense. Tallman replied "that he and the builder were going to take it between them. * * * He said it was going to be cheap carving, and going to be left with the carver." Waite also testified that the only carving he was to do, or which he contracted to do, was some carving about the casings and the doors, which was estimated by the carver at $50. The defendant Tallman testified that he was not a carver, and could not tell as to the exact marks, but supposed a carver could. Tallman "said it was a difficult matter for him to take the plans and specifications, and determine from them what carving was to be done. * * * I did state to Waite and Vermett that Mr. Blauvelt was the man to settle that question, but that did not make it so." He further testified that the plaintiffs were to do the carving, and that he did not agree that the matter should be referred to Blauvelt. The plaintiffs gave further testimony tending to show that they applied to Blauvelt as directed by Tallman, and that he estimated the carving to be done at $50. Blauvelt testified that he made such estimate. Subsequently Blauvelt saw the architect, and learned that different carving was required, and ascertained that it was to be made from plaster of Paris models, and was quite intricate in character. This information was imparted to the plaintiffs, and they refused to go on with the work if they were expected to do such carving. This matter led to some negotiations between the parties, and the defendant Tallman wrote that he had seen the builder, and that he would do what was right with him about the extra carving, and that he would do the same with the plaintiffs, and that plaintiffs had better hurry along with the work, and gain the favor of those who were to pay.

We think that this testimony, and much to which reference is not made, authorized the court to find either one of two propositions: That the plaintiffs by their contract never undertook to do the carving upon the Gothic panelwork, but were only to make the panels and do the carving about the door, and that the defendant Tallman left it with Blauvelt to determine the extent and character of the carving, and that Blauvelt's estimate of the cost of that work was binding

upon the defendant Tallman; or that the parties were misled as to the extent of the carving to be done, and that defendant Tallman thereafter waived the performance of the contract in this respect. Either view authorized the court to render the judgment which it did. In this view the issue was within the pleading, as that averred the making and execution of the contract. Besides, the defendant Tallman raised no such question by his objections. The question did not necessarily arise upon the making of a new contract. The evidence was directed to the question of what the contract was, and nothing was said that the contract as established was not the contract averred in the pleading. While the defendant Tallman might have insisted that there was no averment of waiver in respect of the carving, if that were the question, he took no such objection, and nothing which was stated in the objection was calculated to call such question to the attention of the court. It would not, therefore, be available upon this appeal.

So far as the question of allowance to the defendant Tallman for extra work is concerned, a question of fact was presented, and this court, under the evidence, is concluded thereby.

We find no error in the record prejudicial to the defendant Tallman, and therefore conclude that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.